IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ASHLEY SHACKELFORD,**

   **Petitioner,**

v.              Case No.: 1:23-cv-00035

**WARDEN,**

   **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

  Pending before the Court are Ashley Shackelford's *pro se* Petition for Writ of Habeas Corpus pursuant to 18 U.S.C. § 2241, (ECF No. 1), and a motion to dismiss contained in the Warden's Response. (ECF No. 7). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the Warden's request for dismissal, (ECF No. 7), be **GRANTED**; Shackelford's Petition, (ECF No. 1), be **DENIED**; and this matter be **DISMISSED** and removed from the docket of the court.

**I.**  **Relevant History**

  Petitioner Ashley Shackelford is a federal inmate currently incarcerated in Federal Prison Camp ("FPC") Alderson with a projected release date of June 24, 2026. *See* Federal Bureau of Prisons, Inmate Locator, www.bop.gov/inmateloc/. Shackelford pled guilty to (1) conspiracy to possess with intent to distribute 500 grams or more of a substance

containing methamphetamine and (2) possession with intent to distribute 500 grams or more of a substance containing methamphetamine in the Eastern District of North Carolina. *United States v. Shackelford*, 7:20-cr-00130, (E.D.N.C., January 27, 2021), ECF No. 58. She was sentenced to 90 months' imprisonment for each count, to be served concurrently. *Id.* Shackelford filed the instant petition on January 17, 2023. (ECF No. 1). Shackelford's petition seeks transfer to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (ECF No. 1 at 1). She states that she has served 21 months of her 90-month sentence and that she meets all nine factors of the CARES Act home confinement memorandum. (*Id.*). FPC Alderson has allegedly refused to review her eligibility for CARES Act home confinement, because her pre-sentence investigation report mentioned a firearm located in her home. (*Id.* at 1–2). Shackelford contends that mere possession of a firearm, unconnected to any criminal charges, is not a "violent circumstance" that would make her ineligible for CARES Act home confinement. (*Id.* at 2). Shackelford attached to her petition: messages between herself and FPC Alderson staff regarding her eligibility for CARES Act relief, (ECF No. 1-1); printouts from her Federal Bureau of Prisons ("BOP") medical records, (ECF No. 1-2); a copy of the CARES Act home confinement memorandum, dated April 13, 2021, (ECF No. 1-3); an email from BOP Public Affairs discussing CARES Act home confinement review, (ECF No. 1-4), and a TRULINCS printout displaying what appear to be headlines and case summaries from a legal newsletter. (ECF No. 1-5).

On January 20, 2023, the undersigned entered an Order directing Respondent to show cause why the relief requested by Shackelford should not be granted. (ECF No. 5). Respondent filed a Response to the Show Cause Order on February 7, 2023. (ECF No. 7). Respondent argues that Shackelford's petition should be dismissed, because she has

2

failed to exhaust her administrative remedies, and because the decision to release prisoners to home confinement is entirely within the discretion of the BOP. (ECF No. 7 at 1–2). Respondent attached to the Response: a declaration by a BOP Case Management Coordinator, attesting that Shackelford did not exhaust her administrative remedies, (ECF No. 7-1 at 2–4); a printout of Shackelford's administrative remedy history, (ECF No. 7-1 at 6–7); an updated CARES Act home confinement memorandum, dated December 19, 2022, (ECF No. 7-1 at 9–12); and a printout of Shackelford's inmate data. (ECF No. 7-1 at 14–17). Shackelford filed a Reply on March 27, 2023, stating that the administrative remedy process is unavailable to her at FPC Alderson, and that she should qualify for home confinement because she is vulnerable to COVID-19; she is a first-time offender; she has a stable home environment; and she has no history of violence. (ECF No. 9).

**II.    Standard of Review**

Respondent requests that this Court dismiss Petitioner's § 2241 petition but does not identify the Rule of Civil Procedure that governs the motion. (*See* ECF No. 7). Because Respondent filed a Response concurrently with the motion to dismiss, the motion technically is one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion to dismiss under Rule 12(c) applies the same standard of review as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12 (b)(6), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir.

3

2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(c) motion in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting Wolfe, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, without converting the motion into one for summary judgment. *Id*. The court may also consider documents "attached to the motion to dismiss, so long as they are integral to the [petition] and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

The parties disagree on whether Shackelford has exhausted her available administrative remedies. The undersigned will not decide the exhaustion issue, because Shackelford's petition can easily be dismissed on the merits. Shackelford's petition must be dismissed, because the BOP no longer possesses the authority to grant her the relief she seeks, rendering her petition moot. At the time Shackelford filed her petition, certain provisions of the CARES Act had expanded the BOP's authority to transfer certain inmates to home confinement. *See* CARES Act, Pub. L. No. 116-136, § 12003(a)(2), 134 Stat. 281, 516 (2020). These are the provisions under which her instant petition seeks federal habeas relief. Those provisions expired on May 10, 2023, thirty days after President Biden signed into law a joint resolution declaring that the COVID-19 national emergency was terminated. H.J. Res. 7, Pub. L. No. 118-3, 137 Stat. 6 (2023). As a result,

4

the BOP's temporarily expanded authority has ended, and the relief Shackelford seeks is no longer available. *See United States v. McKnight,* No. 4:07-cr-00787-TLW-1, 2023 WL 4904763, at *1 (D.S.C. Aug. 1, 2023) (explaining that the CARES Act home confinement provisions applied "only during the statute's covered emergency period" and once the covered emergency period expired "the BOP would be required to recall the prisoners to correctional facilities.") (citations and markings omitted).

This change in circumstances implicates the Court's subject matter jurisdiction. Article III of the United States Constitution allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). Because the relief Shackelford seeks is no longer available, her petition is moot. *See Watson v. Warden*, No. CV DLB-23-964, 2024 WL 308958, at *3 (D. Md., Jan. 26, 2024) ("No order from the Court could yield the relief [petitioner] is seeking, as the BOP simply does not have the authority for expanded home confinement since the sunset of the CARES Act provisions."); *see also Carr v. Warden*, No. CV SAG-23-966, 2023 WL 8650293, at *2 (D. Md., Dec. 14, 2023) (finding that petition for transfer to home confinement under the CARES Act was rendered moot by the expiration of the BOP's expanded authority).

Additionally, even before the CARES Act provisions expired, this Court would have lacked the authority to order Shackelford be transferred to home confinement, because

5

an inmate's place of confinement is left to the discretion of the BOP and not subject to review by a court. *See United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan., Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *McCarson v. Reherman,* No. 2:20-01386-HMH-MGB, 2020 WL 2110770, at *2 (D.S.C. May 4, 2020) ("[W]hile the CARES Act affords the BOP broad discretion during the COVID-19 pandemic, the court lacks jurisdiction to order home confinement for McCarson under this provision.") (citation omitted); *Chiwocha v. Neely*, No. 723CV00583LSCNAD, 2024 WL 320095, at *2 (N.D. Ala., Jan. 3, 2024), *report and recommendation adopted*, No. 723CV00583LSCNAD, 2024 WL 314253 (N.D. Ala., Jan. 26, 2024) ("[F]ederal courts lack the authority to order any federal prisoner to be placed in home confinement, even under the CARES Act."). Accordingly, the undersigned **FINDS** Shackelford's petition must be dismissed.

## IV.  Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 7), be **GRANTED**; that Shackelford's petition for writ of habeas corpus, (ECF No. 1), be **DENIED**; and that this civil action be **DISMISSED** and removed from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: February 21, 2024

Cheryl A. Eifert
United States Magistrate Judge